UNITED STATES DISTRICT COURT
FOR THE FIRST DISTRICT

IN CLERKS OFFICE
2003 DEC 29

04.10030 EFH

U.S. DISTRICT COURT
DISTRICT OF MASS.

Francis Wanjiru A096407088
Petitioner

VERSUS

Steven Farquhrson, Distric Director
Immigration and Naturalization Service;
David Venturella, Director
Immigration and Naturalization Service;
James W. Ziglar, Commissioner,
Immigration and Naturalization Service;
and John Ashcroft, Attorney General
Respondents

MAGISTRATE JUDGE Collings

CIV. NO

JUDGE

MAG. JUDGE

petition for a writ of Habeas Corpus

Petition for a writ of Habeas Corpus under U.S.C. § 2241

Petitioner, Francis Wanjiru, hereby petitions this court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the respondents. In support of his petition and complaint for injuctive relief, petitioner alleges as follows:

CUSTODY

1. Petitioner is in the physical custody of the Immigration and Naturalization Service ("INS") District Director of Boston. He is detained at the Plymouth County Correctional Facility in Plymouth Massachussets. Respondent INS has contracted with Plymouth county jail to house Immigration detainees such as the petitioner.

JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA") 8 U.S.C. 1101, et seq; as amended by the Illegal Immigration Reform and the Immigration Responsibility Act of 1996 ("IIRIRA") Pub. L. No 104-208 110 Stat, 1570 and Administrative Procedure Act ("APA") 5 U.S.C. § 701 et seq. This court has jurisdiction under 28 U.S.C. § 2241, art. 1 §9 cl. 2 of the United States, and such custody under color of the Authority of the United States, and such custody is in violation of Constitution laws or treaties of the United States. See Zadvydas v. Davis, 533 US 678,

121. S.Ct. 2491 (2001). This court may grant relief pursuant to 28 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

3. Venue lies in the United States District Court of 1st District, the judicial district in which the petitioner resides. 28 U.S.C § 1391(e)

## PARTIES

4. Petitioner, Francis Wanjiru is a native and citizen of Kenya. He has been in INS custody since September 2nd, 2003. An immigration judge ordered the petitioner removed on September 9th, 2003

5. Respondents Steven Farquhrson, is the district director of the INS First District and is petitioner's immediate custodian

6. Respondent David Venturella is the Director of the INS Headquarters Post-Order Detention Unit (HQPDU). The HQPDU makes the final custody decision for certain aliens like the petitioner with a final order of removal. See 8 C.F.R. § 241.4 (c)(2). In this official capacity, Mr. Venturella is a legal custodian of the Petitioner

7. Respondent James W. Ziglar is the Commissioner of the INS. He is responsible for the Administration of the INS and the implementation and enforcement of the Immigration and Nationality Act ("INA") As such, he is also a custodian of the petitioner.

8. Respondent John Ashcroft is the Attorney General of the United States and is responsible for the administration of the INS and the implementation and enforcement of the INA. As such, has the ultimate custodial Authority over the petitioner

## EXHAUSTION OF REMEDIES

9. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court's decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens ordered removed. See Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed. Reg. 56,967 (2001) (to be codified at 8 C.F.R pts. 3 and 241). On November 21st, 2003 he sent a letter to the INS requesting his release, arguing that where his consulate refused to issue a travel document, his detention would be indefinite. He also wrote Bruce Chadbourne, the Interim Field Office Director of INS Boston on November 21st, 2003, explaining his unsuccessful

efforts and those of the INS to obtain a travel document from his consulate. He included a personal declaration detailing the circumstances surrounding his pre-arrival, post-arrival and his stay and achievements in the United States. Moreover he explained the problems his family was facing due to his extended incarceration

In addition, a sponsor sent a housing letter pledging to host him until such time when he would be in a position to care for himself.

Finally, on December 13th, 2003, he wrote to the District Director Mr. Steven Farquhrson, requesting his release.

The custody review regulations do not provide any other administrative method of obtaining or appealing a custody review decision. See 8 C.F.R 3 241.13 (g)(2). No statutory exhaustion requirements apply to petitioners claim of unlawful detention.

## STATEMENTS OF FACTS

10. Petitioner arrived in the United States through New York on November 27th, 2000, from Kenya on a school visa. He started school at Saginaw Valley College on January 8th, 2001. Due to circumstances beyond his control, he had to discontinue school in April the same year. Financial handicap being the primary reason for discontinuing school, he had to gain employment in order to meet his basic needs including food, clothes, and housing. Consequently he moved into Massachussets where a fellow Countryman hosted him. During his three years in Massachussets he obtained a GED and also enrolled for a 120 hour certified Nursing assistants course, in order to secure employment. In the fall of 2002, he enrolled for a nursing program at the Northern Essex Community College in Haverhill MA. At the time of his detention by the INS, he was already enrolled for the 3rd semester in his second year for this program at the Lawrence Campuses.

11. Petitioner does not have a prior record of any criminal convictions

12. Petitioner had an open matter with the Lawrence District Court at the time of his arrest. He was being held at the Middlesex County jail on an INS detainer and the INS picked him up from the said jail on September 2nd, 2003. Consequently he was ordered deported on September 9th, 2003 in a video arraignment from Plymouth County jail

13. To date, the INS has been unable to remove the petitioner to Kenya, or any other country. His government has refused to issue a travel document despite his relentless efforts and those of the INS.

14. The petitioner has co-operated fully with all efforts by the INS to remove him from the United States. He wrote his consulate in Washington requesting a travel document but there was no response. He explained this situation in his letter to the INS District Director, Mr. Steven Farquhrson.

15. Petitioner has already requested for his release pursuant to 8 C.F.R. § 241.13 (d)(1). Under the rules of the INS followed before Zadvydas, he has shown clear convincing evidence that he is not a danger to public safety, or a significant flight risk. Under the post Zadvydas, he has proof that his country is unlikely to issue a travel document neccessary for his deportation.

16. The petitioners custody status was first reviewed on December 9th, 2003, under 8 C.F.R. § 241.4, no response has been served by the District Director to date regarding a possibility of his release or whether his case has been transfered to HQDPU

### LEGAL FRAMEWORK FOR RELIEF SOUGHT

17. The petitioner is in custody pursuant to INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). Under INA § 241(a)(1), 8 U.S.C. § 1231(a)(1), the INS shall remove aliens within 90 days of an administratively final order of removal. Further for aliens with a final order who have entered the United States, INA § 241 has been interpreted by the Supreme Court in Zadvydas to only authorize continued detention for a period reconably neccessary to secure the aliens removal. See Zadvydas 121 S.Ct. at 2505. The Supreme Court found in Zadvydas that six months is presumptively reasonable period for removal in most cases. See id. Interim administrative regulations also recognize that HQPDU has a six month period for determining whether there is a significant likelyhood of an aliens removal in the reasondably foreseeable future. See 8 C.F.R. § 241.13 (b)(2)(ii). Since the petitioner

4 of 7

was ordered removed on September 9th, 2003, his 90-day statutory removal period ended on December 9th, 2003. Having attempted to obtain a travel document without much success within the said period the INS should already know that they probably cannot deport him in the reasonably foreseeable future.

18. Under the custody review regulations there is no appeal available from a HQPDU custody decision. See 8 C.F.R. § 241.13 (g)(2). While the regulation direct the HQPDU to acknowledge receipt of a custody review request within 10 buisness days, See 8 C.F.R. § 241.13 (e)(1) the HQPDU is not required to issue a decision within any length of time, and there is no administrative mechanism for compelling the HQPDU to issue a decision. See generally 8 C.F.R. § 241.13 (g)

## CLAIMS FOR RELIEF
### COUNT ONE
### STATUTORY VIOLATION

19. Petitioner re-alleges and incorporates by referance Paragraph 1 through 18 above.

20. Petitioner's continued detention by the Respondents violates INA § 241 (a)(6), as interpreted in Zadvydas. The petitioners 90 day statutory removal period for continued removal efforts has passed. It is extremely unlikely that the Respondents will be able to remove the petitioner to Kenya or any other country in the reasonably foreseeable future. The Supreme Court held in Zadvydas, that the continued detention of someone like the petitioner under such circumstances is unreasonable and is not authorized by INA § 241.

### COUNT TWO
### SUBSTANTIVE DUE PROCESS VIOLATION

21. Petitioner re-alleges and incorporates by referance Paragraphs 1 through 20 above.

22. The Petitioners continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. See

Zadvydas, 121 S.Ct. at 2498-99. The due process clause requires that the deprivation of the petitioners liberty be narrowly tailored to solve a compelling government interest. While the Respondents would have a compelling government interest in detaining the petitioner in order to effect his deportation, that interest does not exsist if he is unlikely to be deported. Furthermore, where the petitioner does not pose a danger to society or a significant flight risk, his detention serves no government relief under 8 U.S.C § 1226(c) [8 U.S.C.S § 1226(c)]. Zadvydas thus interpreted INA § 241 to allow continued detention only for a period reasonably neccessary to secure the aliens removal because any other reading would go beyond the governments articulated interest to effect the aliens removal. See Zadvydas 121 S.Ct at 2499

## COUNT THREE
### PROCEDURAL DUE PROCESS VIOLATION

23. Petitioner re-alleges and incorporates by reference Paragraphs 1 through 22 above.

24. Under the due process clause of the United States Constitution an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. In this case the petitioner has been denied that opportunity. First the Respondents have violated their own regulations by failing to acknowledge or act upon the petitioners administrative request for release in a timely matter. See 8 C.F.R. § 241.13 (e)(1). Having no criminal history of convictions, his detention under § 1226(c) by the Respondents also violated due process because the INS has made no determination that he poses a danger to society or flight risk. Furthermore there is no administrative mechanism in place for the petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas

PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this court grant the following relief;

1.) Assume jurisdiction over this matter

2.) Grant petitioner a writ of Habeas Corpus directing Respondents to immediately release the petitioner from custody; and

3.) Grant any other and further relief which this court deems just and proper

I affirm that the foregoing is true and correct

Francis Wanjiru
PETITIONER.
FRANCIS WANJIRU A096407088
Plymouth County Jail
26 Long Pond Rd.
Plymouth, MA
02360

December 22nd, 2003

DATE Executed