UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FRANCIS WANJIRU, 2004 FEB -4  P 4: 46 )
                                      )
                Petitioner            )
                                      )        Civil Action No.
        v.                            )        04CV10030-EFH
                                      )
JOSEPH MCDONOUGH, SHERIFF,            )
PLYMOUTH COUNTY,                      )
                                      )
                Respondent            )

RETURN AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**SUMMARY CASE STATEMENT**

Petitioner is a native and citizen of Kenya presently
detained by respondent Bureau of Immigration and Customs
Enforcement ("respondent", "ICE")[1] pending execution of his final
order of removal.  His petition to this Court asserts prolonged
post-order detention in contravention of the Supreme Court's rule
in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).

Petitioner does not challenge the validity or enforceability
of his final order of removal, but only his continuing detention,
in that he says his "continued detention by the respondents
violates INA § 241(a)(6) as interpreted in Zadvydas." Petition,
p.7.  In addition, petitioner asserts, "[i]t is extremely
unlikely that the respondents will be able to remove the

---

[1] As of a DHS restructuring effective June 9, 2003,  the
responsive successor official of the Department of Homeland
Security having control of petitioner's immigration custody in
the instant action is Bruce Chadbourne, Interim Field Director
for Detention and Removal, Bureau of Immigration and Customs
Enforcement in Boston, Massachusetts.

petitioner to Kenya or any other country in the reasonably
foreseeable future." Petition at p.5.

However, because petitioner's removal has now been scheduled
for **February 18, 2004,** removal is now "reasonably foreseeable" as
required by the Supreme Court in Zadvydas, and the case should be
dismissed for failure to state a claim upon which relief may be
granted.

**ARGUMENT**

I.   BECAUSE PETITIONER'S REMOVAL IS NOW SCHEDULED TO OCCUR ON
     **FEBRUARY 18, 2004,** THE PETITION FAILS TO STATE A CLAIM UPON
     WHICH RELIEF MAY BE GRANTED.

Petitioner challenges no aspect of his order of removal, nor
the enforceability of it.  Rather, he essentially complains that
"the INS has been unable to remove the petitioner" and
petitioner's "government has refused to issue a travel document
despite his relentless efforts". Petition, p. 4.

However, because petitioner's removal is now scheduled for a
date two weeks from now (**February 18, 2004**), petitioner fails to
state a colorable claim of unlawful detention. The Supreme Court
in Zadvydas v. Davis, 121 S. Ct. 2491 (2001) recognized six
months as a presumptively reasonable period of detention within
which to allow the government to accomplish an alien's removal,
and said that, "for the sake of uniform administration in the
federal courts, we recognize that period". Id. at 2505.  The
Court further held:

> After this 6-month period, <u>once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. <u>To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future</u>.

Zadvydas v. Davis, et al., 121 S. Ct. at 2505 (emphasis added).

In <u>Akinwale v. Ashcroft, et al.</u>, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit held that six months post-final order detention must have elapsed before the filing of a habeas petition, and that, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also <u>must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future</u>." <u>Id</u>. at 1052 (emphasis added).

In <u>Lema v. USINS</u>, 214 F.Supp.2d 1116, 1118 (W.D. Wash. 2002), even where post-order detention had <u>exceeded</u> six months, the district court explained that:

> The mere fact that six months has passed since petitioner was taken into INS custody does not satisfy his burden. While an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in <u>Zadvydas</u> which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide "good reason to believe

that there is no significant likelihood of removal in
the reasonably foreseeable future."

In the instant case, the necessary travel documents have now
been received, and petitioner is now scheduled for removal on
**February 18, 2004**. Accordingly, there is necessarily a
"significant likelihood of removal in the reasonably foreseeable
future", and the petition fails to state a claim upon which
relief may be granted.

Respondent also hereby provides the Court advance notice of
petitioner's deportation scheduled for **February 18, 2004**.

**CONCLUSION**

For all the reasons set out above, the petition should be
dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    _____ .
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on February 4, 2004.

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

5